# FREDERICK S. ARMSTRONG, ET AL., Complainant,

*v.*

# ISABEL LÓPEZ CRUZ, Vda. de Bird, et al., Dfts.

---

Ponce, Equity, No. 1092.

### RECEIVERSHIP.

Receivership—Mortgagee May Apply for Leave to Foreclose.

    1. Where receivers appointed by this court take possession of certain real estate, and a person not a party to the original litigation claims to hold an unpaid mortgage upon a portion of said real estate and desires to foreclose the same, such person has the right to ask the permission of this court for leave to make the receiver named by this court a party to a proposed foreclosure suit in the proper Insular court.

Receivership—Court May Permit Its Receiver to be Sued.

    2. This court has power to grant such application and to permit the receiver to be made a defendant in a cause pending in the Insular court.

Receivership—Foreclosure by Intervention.

    3. Where this court is of the opinion that the rights of such mortgagee will be fully protected by an intervention filed in the

Armstrong v. Cruz.

receivership proceeding, this court will refuse to permit its receiver to be made a defendant in the Insular court, and require the mortgagee to litigate his claim by means of an intervention in this court.

Opinion filed March 11, 1922. '

---

Mr. *Jaime Sifre, Jr.*, for complainants.

Mr. *H. G. Molina* for receiver.

Mr. *R. V. Perez Marchand* for Banco de Ponce.

Mr. *O. B. Frazer* for minors.

ODLIN, Judge, delivered the following opinion:

On this 11th day of March, 1922, in accordance with notice previously given, there came on for hearing the petition of the Banco de Ponce, represented by R. V. Pérez Marchand, for leave to make the receiver heretofore named by this court, a party defendant in a proposed suit in the Insular district court at Humacao, for the foreclosure of a mortgage held by the said Banco de Ponce upon a portion of the property now in the possession of said receiver by virtue of a previous order of this court. This was opposed by Mr. H. G. Molina, counsel for the receiver. The court, after considering the petition and the argument of Mr. Molina, is of the opinion that this petition should be denied. The court is of the opinion that all the rights of the Banco de Ponce can be fully protected by the present in-

Armstrong v. Cruz.

tervention on behalf of the said Banco de Ponce in this court and by such further petition or application as the said Banco de Ponce may see proper to file in this court. This court, is clearly of the opinion that if this court should grant leave to the Banco de Ponce to sue the receiver of this court in the Insular district court at Humacao, additional costs and expenses would be incurred; and furthermore, this court is clearly of the opinion that after a decree or order by the Insular court at Humacao for the sale of the property included in the mortgage held by the Banco de Ponce, it would be necessary to come into this court to enforce such decree.

For the reasons above stated, the said petition is denied, the right being reserved to the Banco de Ponce to file any further petition or any amended intervention in this court as it may be advised.

And in the presence of the said counsel for the receiver and also in the presence of the said counsel for Banco de Ponce. It is ordered that on April 15th at 9 A. M., at the City of Ponce, the court will hear the said counsel with regard to the disposition of any funds at that time in the hands of the receiver.